**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GUADALUPE S. CARDENAS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>        Defendant. | No. CV 06-1132 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Guadalupe S. Cardenas ("Cardenas") filed a Complaint on October 24, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 15, 2007. Cardenas filed a motion for summary judgment on March 7, 2007, and the Commissioner filed a cross motion for summary judgment on April 6, 2007, which addressed the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the motions under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner is affirmed.

///

# I.

# **PROCEDURAL BACKGROUND**

On July 22, 2003, Cardenas filed an application for Supplemental Security Income benefits. A.R. 594-596. The Commissioner denied the application initially and upon reconsideration, and Cardenas requested a hearing. A.R. 15. The Administrative Law Judge ("ALJ") conducted a hearing on April 7, 2005. A.R. 607-629. On June 29, 2005, the ALJ issued a decision denying benefits. A.R. 12-22. The ALJ concluded that Cardenas "is not disabled within the meaning of the Social Security Act." A.R. 15, 21.

Cardenas filed a request for review of the ALJ decision. A.R. 10. On September 18, 2006, the Appeals Council denied the request for review. A.R. 5-7.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# **EVALUATION OF DISABILITY**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

The ALJ found that Cardenas has the following impairments: "left shoulder tendonitis and impingement, which are status post arthroscopic surgery; right knee impairment with arthroscopy; lumbosacral impairment, left wrist impairment, and cervical impairment." A.R. 20. The ALJ found that Cardenas "can perform the work of a receptionist and a general clerical worker which are both semi-skilled jobs performed at sedentary or light levels of work activity." A.R. 21.

Cardenas contends that the ALJ erred by (1) not properly considering the opinion of Dr. Rogers, one of the treating physicians; (2) not considering Cardenas' sister's questionnaire; (3) failing to consider the type, dosage and side effects of Cardenas' medication; and (4) asking a hypothetical question to the vocational expert that did not contain the side effects that Cardenas experienced from medication.

For the reasons set forth below, the Court affirms the decision of the Commissioner.

**A.    ALJ's Consideration of Dr. Roger's Opinions**

Dr. Roger treated Cardenas for a workplace injury in 1999 – before the alleged onset of disability on December 1, 2000 – and evaluated her for purposes of her workers compensation claim. *See generally* A.R. 211-220. On February 4, 1999, Cardenas fell on a wet pavement while leaving work. Dr. Rogers reported that Cardenas was unable to return to her work and was "temporarily totally disabled" during the period February – August 1999. A.R. 194-195, 198-199, 201-202, 204-205, 217. In

3

August 1999, Dr. Roger stated that Cardenas "is able to return to her regular and customary work on 8/16/99" with no restrictions. A.R. 194-195. Cardenas went back to work in August 1999. A.R. 77.

Dr. Roger did not see Cardenas again until over one year later on October 27, 2000. A.R. 192. As the ALJ notes, Dr. Roger opined that Cardenas was temporarily totally disabled for over a one year continuous time period, October 27, 2000 until April 2, 2002 (one month after her last appointment with him on March 5, 2002). A.R. 19, 150-193.

The ALJ rejected Dr. Roger's opinion:

> I have rejected this opinion as an opinion of disability under the Social Security Act. First the determination of disability is a determination reserved to the Commissioner. Additionally, Dr. Roger did not set out any specific limitations that the claimant had so as to allow the undersigned to consider the limitations he was observing/determining. He just checked off a space on a check off sheet and added a date that was approximately one month after the dated statement, and was the date of the claimant's next medical appointment. Dr. Roger did this at each office visit. I note that on November 17, 2000, Dr. Roger only restricted the claimant from no overhead work, no pushing/pulling with the left upper extremity, no forceful grasping with the left upper extremity, no twisting of the neck/back and no holding head in awkward positions.

A.R. 19-20.

Cardenas agrees with the ALJ that "[t]he November 17, 2000 disability report is the only report by Dr. Roger that identified the Plaintiff's limitations." (Cardenas' Motion at 5.) The ALJ's summary of Dr. Roger's reported limitations is accurate. *Compare* A.R. 19-20 *with* A.R. 191.

Nevertheless, Cardenas argues that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Roger's opinion of temporary total disability because (1) the ALJ did not discuss Dr. Roger's treatment notes that identify Cardenas' physical impairments; (2) the ALJ did not discuss Dr. Roger's diagnoses in 1999; and (3) the ALJ did not fulfill his duty to develop the record to the extent he had questions about the basis for Dr. Roger's opinion. Cardenas' arguments do not undermine the ALJ's rejection of Dr. Roger's conclusory and controverted opinion.

First, the ALJ found that Cardenas suffered from impairments of "left shoulder tendonitis and impingement, which are status post arthroscopic surgery; right knee impairment with arthroscopy; lumbosacral impairment, left wrist impairment, and cervical impairment." A.R. 17, 20. The ALJ's findings are consistent with (if not more extensive than) Dr. Roger's Workers Compensation Progress Reports, which contain various diagnoses of tenderness of the left shoulder and cervical spine, and impingement. A.R. 150, 152, 154, 156, 158, 160, 162, 164, 166, 170, 172, 174, 176, 178, 180, 182, 185, 188, 190, 192.

However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). In addition, a claimant must show that she is precluded from engaging in substantial gainful activity by reason of her impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

Cardenas does not dispute that the only report in which Dr. Roger identified Cardenas' limitations is dated November 17, 2000.[1] A.R. 19-20; (Cardenas' Motion at 5.) The limitations contained in Dr. Roger's report do not support a conclusion of total disability within the meaning of the Social Security Act. Cardenas does not argue otherwise. A treating physician's opinion may be rejected when it is not supported by

---

[1] One other notation, dictated by Dr. Roger's physician assistant in July 2001, indicates only that "[p]atient has a difficult time with overhead motion and heavy lifting." A.R. 140.

the physician's own treatment records. *Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003) (ALJ properly rejected treating physician's "disability certificate" when the treatment notes did not contain reasons); *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports that did not contain explanation of bases of the conclusions).

Second, Cardenas has failed to show why the ALJ's decision not to discuss Dr. Roger's treatment of Cardenas in 1999 was error. The 1999 incident occurred prior to the alleged onset date of Cardenas' disability (December 1, 2000). As of August 16, 1999, Dr. Roger stated that Cardenas "is able to return to her regular and customary work" with no restrictions. A.R. 194-195. Cardenas did not return to Dr. Roger until over one year later, on October 27, 2000. A.R. 192. There is no error. *See Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) (ALJ may properly reject evidence prior to the relevant time period).

Third, an ALJ must develop the record only if the evidence is ambiguous or "the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This principle does not, however, allow a claimant to shift her own burden of proving disability to the ALJ. *Mayes,* 276 F.3d at 459.

Here, the evidence was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. Dr. Roger's check-list conclusion of temporary total disability was not supported by the limitations he identified. Where, as here, the ALJ does not find that the record is ambiguous or inadequate, the ALJ does not have a duty to further develop the record. *Compare Tonapetyan*, 242 F.3d at 1150 (physician found it "difficult to say" whether medical record was complete enough, stated he would "have to see more evidence" before rendering an opinion, and testified a more complete report would change his opinion).

### B. The Sister's Questionnaire

Cardenas' sister did not testify at the hearing before the ALJ. She did, however, complete a questionnaire. The ALJ did not mention that questionnaire in his decision. Cardenas argues that remand is required under *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006), which issued after the ALJ's decision in this matter.

In his decision, "the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Although most of the cases concern a failure to consider lay witness testimony, Cardenas argues the same standards should apply to questionnaires. "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

Although the ALJ does not expressly mention Cardenas' sister, it is not clear that the ALJ did not consider the sister's questionnaire. In finding that Cardenas' allegations of disabling limitations were not credible to the extent alleged – a finding that Cardenas does not challenge here – the ALJ listed ten reasons. The tenth reason involved Cardenas' daily activities, which the ALJ described without citing a specific source. A.R. 19. The ALJ stated that Cardenas "reads daily, can wash her clothing, goes to church weekly for a 45 minute service, and drives." *Id.* This description is consistent with information in the sister's questionnaire. A.R. 92, 95-96.

Even assuming that the ALJ is obligated to mention the sister's questionnaire specifically, any error was harmless. Here, the sister's questionnaire was cumulative and/or potentially supportive of the ALJ's assessment that Cardenas was able to perform receptionist or general clerical work. The sister wrote that Cardenas talks on the phone and is able to pay bills, count change, handle a checkbook and handle a savings account. A.R. 95-96. Cardenas could lift 10 pounds, alternately sit, stand, and walk for 20 minutes each, and pay attention. A.R. 97. Given that the sister's

questionnaire was cumulative and/or potentially supportive of the ALJ's findings, harmless error applies because no reasonable ALJ could have reached a different disability determination.  This case is distinguishable from both *Stout* and *Robbins v. Social Security Administration*, 466 F.3d 880, 885 (9th Cir. 2006).

### C. Side Effects From Medication

Cardenas and her sister submitted questionnaires that reported that some medication made Cardenas feel drowsy.  A.R. 82, 99.  One medication gave Cardenas an upset stomach.  A.R. 82.  However, neither Cardenas nor her sister stated that these side effects limited or prevented Cardenas from working.  This is insufficient, and the ALJ did not err in not considering the side effects.  "There were passing mentions of the side effects of Mr. Osenbrock's medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with Osenbrock's ability to work."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

### D. The Hypothetical Questions to the Vocational Expert

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  The ALJ is not required to include limitations that are not in his findings.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock*, 240 F.3d at 1165.

Cardenas argues that the ALJ erred in not including side effects from medication in his hypothetical to the vocational expert.  Given that there was no substantial evidence that side effects limited or prevented Cardenas from working, the ALJ properly excluded that limitation from his hypothetical to the vocational expert.  *Id.* at 1164 (excluding side effects from hypothetical); *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (same).

///
///

The ALJ found that Cardenas could not perform any of her past relevant work. A.R. 21. The ALJ's hypothetical to the vocational expert contained the following limitations:

> Q: Lifting's limited to 20 pounds occasionally, 10 pounds frequently. Stand and walk is up to six hours. I'm going to add that that has to be with an option as to the, as to the claimant's, so she gets to decide how long at a time she would stand and walk, but could not do that constantly. No restrictions on sitting. Push and pull with pedal is limited to occasional with the right lower extremity, no limits on the left, and all push and pull shall be within the weight limits I've given you. Can occasionally reach above shoulder level with the left upper extremity, and that would be reaching in any direction. Manipulation is limited to no repetitive, but can do frequent gross and fine manipulations. No ladders, ropes, or scaffolds. Occasionally only climbing ramps, working on uneven surfaces, or climbing stairs. Could frequently balance, but only occasionally bend, stoop crouch, with never having kneeling or crawling, and not working at any hazardous heights. And further, should be limited to no repetitive side to side motion with the head or neck.

A.R. 619. The ALJ further divided the question into two age ranges, 50--54 1/2 and 55+. A.R. 619-620. As the ALJ noted, the limitations are supported by substantial evidence such as Dr. Platt, Cardenas' treating physician, and Dr. Jensen, a medical expert.[2] A.R. 17-18.

---

[2] Dr. Platt identified the following "[p]rophylactic work restrictions: CERVICAL SPINE: The patient has a disability precluding repetitive motion of the neck and precluding heavy lifting. This contemplates that the patient lost approximately 50

9

1    In response, the vocational expert identified receptionist (sedentary) or general
2 clerical work (sedentary or light).  A.R. 620-622.  The vocational expert expressly stated
3 that her testimony was consistent with the Dictionary of Occupational Titles.  A.R. 617;
4 *see Massachi v. Astrue*, 486 F.3d 1149, 1154 & n.19 (9th Cir. 2007).
5    After Cardenas' testimony, the ALJ added limitations expressed by Cardenas to
6 the hypothetical.  A.R. 627.
7         Q:    If we add to that the sit, stand, and walk is all at an
8               option, does that make your – change your opinion as to the
9               other two jobs?
10 *Id.*  The vocational expert responded that she had already included the sit/stand/walk
11 options before and that the options did not change her testimony.  A.R. 628.

## IV.

## CONCLUSION

14    IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.
15 ///
16 ///
17 ///

---

percent of the pre-injury capacity for flexing, extending, bending and rotating of the neck. This also contemplates that the patient has lost approximately 50 percent of the pre-injury capacity for lifting.
    LEFT SHOULDER: The patient has a disability precluding use of the arm at or above shoulder level and by heavy lifting.
    RIGHT KNEE: The patient has a disability precluding heavy lifting and precluding climbing, walking over uneven ground, squatting, kneeling, crouching, crawling and pivoting and other activities involving comparable physical effort.
    RIGHT ELBOW: The patient has a disability of no heavy lifting and torquing.
    <u>Vocational rehabilitation</u>: The patient is a qualified injured worker and is eligible for vocational rehabilitation.
A.R. 440.  Dr. Platt's assessment was based upon Cardenas' subjective complaints as well as physical examination.  A.R. 436-438.

1     IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order
2 and the Judgment herein on all parties or their counsel.

5 DATED: August 7, 2007                    /s/ Alicia G. Rosenberg
                                                                ALICIA G. ROSENBERG
6                                                  UNITED STATES MAGISTRATE JUDGE